UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

SERENDIP LLC,

                Plaintiff,

    vs.

LEWIS BOND,

                Defendant.

------------------------------------------------------- x

16 CV 1727 (---)

**COMPLAINT**

       Plaintiff Serendip LLC for its Complaint for copyright infringement, alleges as follows:

### PARTIES

       1.      Plaintiff Serendip LLC (hereinafter "Serendip") is a limited liability company formed under the laws of the State of New York, with its principal place of business in this District, and is the owner of the copyrights in Wendy Carlos's music works and master sound recordings.

       2.      Upon information and belief, defendant Lewis Bond (hereinafter "Defendant") is a foreign individual residing in Great Britain, who uploads videos to YouTube.com and other websites under the user name Channel Criswell.

### JURISDICTION AND VENUE

       3.      This Court has jurisdiction of this action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* under 28 U.S.C. § 1338(a).

       4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c)(3), because the subject copyrights are situated in this district and the defendant does not reside in the United States.

## BACKGROUND FACTS

5. Wendy Carlos arranged, orchestrated, performed and recorded music of J.S. Bach on the 1968 album "Switched-On Bach", which won three Grammy awards and served to propel Carlos and electronic music with the Moog synthesizer into the public consciousness, while spending many weeks on the lists of top selling classical and popular music albums. After a follow-up album which further demonstrated the unmatched style and quality of Carlos's music, Stanley Kubrick became interested in obtaining the services of Carlos to provide music for the motion picture "A Clockwork Orange", theatrically released by Warner Bros. in 1971. Pursuant to an agreement with Kubrick's production company, Wendy Carlos composed or arranged, orchestrated, performed and recorded six pieces of music over a period of more than one year for specific use in the soundtrack and trailer of the motion picture. "A Clockwork Orange" made the American Film Institute's list of 100 greatest motion pictures, and also appears on lists of the best motion picture music soundtracks.

6. Compensation for the use of Wendy Carlos's music comes from royalties from sales of recorded media such as compact disks, performing rights royalties when the music is heard on radio, television or other venues pursuant to blanket licensing, and specific synchronization and master use licenses required when the music is used in connection with motion picture, television or other video images, and radio or Internet uses. In general, following the early years after an album is released, the primary source of revenue for popular pieces of music arises from synchronization and master use licenses, and Serendip receives far more license requests for music from "A Clockwork Orange" soundtrack than any other music by Wendy Carlos.

7. With the advent of the Internet and websites such as eBay.com and YouTube.com, Serendip has been forced to monitor the content of such sites for

the sale of pirate copies of Wendy Carlos's albums or the posting of her music on websites, unauthorized by Serendip or the law. In so doing, Serendip makes use of provisions of the Digital Millennium Copyright Act (DMCA), pursuant to 17 U.S.C. § 512, to protect Serendip's copyrights. Upon information and belief, since 1998, Serendip has found hundreds of unauthorized copies of Wendy Carlos's music for sale on eBay.com, and since 2007, thousands of unauthorized uses of her music on YouTube.com, with the majority utilizing Wendy Carlos's music from "A Clockwork Orange" soundtrack.

### SERENDIP'S COPYRIGHTS

8. The three pieces of music at issue in this action were used in the soundtrack of the motion picture "A Clockwork Orange", entitled "Title Music From A Clockwork Orange", "March From A Clockwork Orange" and "William Tell Overture." The master sound recordings for the music used in "A Clockwork Orange" soundtrack were fixed in a phonorecord and registered for copyright on June 2, 1972, with Registration Certificate N2920. Serendip, as the present owner of Wendy Carlos's master sound recordings, renewed the copyright in the Clockwork Orange sound recording, effective December 29, 2000, with Registration Certificate RE 851-992.

9. Unpublished versions of the music for Wendy Carlos's "Title Music From A Clockwork Orange" and "March From A Clockwork Orange" were registered for copyright on December 8, 1971 and April 2, 1973, with Registration Certificates EU297051 and EU396787, and the copyright renewals by Serendip were registered on June 12, 2009, with registration certificates RE 930-776 and RE 930-777. The copyrights for the master sound recordings and music for Wendy Carlos's complete score music for "A Clockwork Orange", including music not used in the motion picture and "William Tell Overture", as published on a phonorecord, were registered by Serendip on November 27, 2007, with

Registration Certificates SR0000610074 and PA0001590608.

10. Serendip is the owner of the copyrights in Wendy Carlos's music and sound recording works relevant to the present claims of this action. Serendip has never assigned the copyrights in such music and sound recording works to any other entity.

## COPYRIGHT INFRINGEMENT

11. Serendip incorporates by reference paragraphs 1 – 10 as if set forth herein.

12. Unbeknownst to, and without permission or license from, Serendip, Defendant Lewis Bond made derivative works of music and sound recording works by Wendy Carlos in the soundtrack of a video, entitled "Stanley Kubrick – The Cinematic Experience." On or about February 20, 2016, with the purpose, *inter alia*, of monetizing the video for his own benefit, Defendant uploaded the video with user name Channel Criswell to YouTube.com and linked to the YouTube video on Twitter.com and Patreon.com.

13. Defendant's approximately 20 minute video consists of a mélange of brief snippets taken from Stanley Kubrick's motion pictures and video shorts about Kubrick's works contained in the commercial DVD releases of the movies. The underlying copyrights in the video snippets are distinct from the underlying copyrights in the music used in Defendant's video. In addition to music from other Kubrick motion pictures, the video utilizes an aggregate of about 3 minutes of music taken from the soundtrack of the motion picture or an album of Wendy Carlos's works "Title Music From A Clockwork Orange", "March From A Clockwork Orange" and "William Tell Overture", representing substantial portions of these total works, ranging from 18% of a piece of 7 minutes duration to 45% of a piece of 2 minutes 20 seconds duration. With the exception of about 5 seconds of the "William Tell Overture", the music is not synched to picture as in

the soundtrack of "A Clockwork Orange", but instead is used behind many unrelated snippets from various Kubrick movies and the video shorts. At no time, does the video commentary discuss the music or its context as displayed in the video.

14. Defendant's video making such non-transformative derivative use of Wendy Carlos's music would require six individual copyright licenses: a synchronization license for the music and a master use license for the sound recording for each of the three works. All three works have been licensed by Serendip on multiple occasions, with individual copyright license fees offered by licensees as high as $30,000. Defendant's gratuitous and unlicensed use of these copyrighted works would have a deleterious effect on the potential future market and value of the works.

15. Defendant is fully aware that Wendy Carlos's music and sound recording works are copyrighted and has actual or constructive notice that the copyrights for the works are registered by Serendip in the United States Copyright Office. However, Defendant did not contact Serendip or Wendy Carlos, or anyone, to inquire about obtaining the required copyright licenses for his proposed video.

16. On February 21, 2016, Serendip submitted to YouTube.com a DMCA takedown notice pursuant to 17 U.S.C. § 512(c)(1)(C), alleging that Defendant's video use of Serendip's copyrighted music and sound recording works was not authorized by Serendip or the law.  After YouTube disabled access to Defendant's video on its website, Defendant Lewis Bond immediately submitted a DMCA counter-notification pursuant to 17 U.S.C. § 512(g)(2), alleging that his video was removed due to a mistake or misidentification of the material to be removed, and consenting to jurisdiction of a Federal District Court in the United States. On or about February 23, 2016, YouTube provided Serendip with a copy of

the counter-notification, and notified Serendip and the Defendant that, as a result of the counter-notification, Serendip must file a federal court action within 10 business days or YouTube may reinstate the video to YouTube.com.

17. Following YouTube's disabling access to his video on YouTube.com, and continuing to the present time, Defendant has made postings on Twitter.com, Patreon.com and YouTube.com (often profanely) criticizing Serendip for acting to protect its copyrights, and YouTube for its process regarding copyright claims. Defendant's posts misstate copyright law and demonstrate ignorance of the DMCA procedures invoked by Defendant's counter-notification, including the requirement of a federal court action, all while rallying online support "to end this nonsense" (apparently referring to enforcement of copyright protection for works he wishes to use without license, and the DMCA).

18. Defendant has infringed Serendip's exclusive rights in its registered copyrighted music and sound recording works by, *inter alia*, preparing a derivative video work based upon Serendip's copyrighted works, uploading the video containing infringing copies of Serendip's copyrighted works onto YouTube.com, and elsewhere on the Internet, and publicly performing such works by means of a digital audio transmission. Defendant therefore has directly infringed Serendip's exclusive rights of reproduction, preparation of derivative works, and public performance of musical and sound recording works under 17 U.S.C. § 106(1), (2), (4) and (6).

19. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Serendip's rights.

20. As a direct and proximate result of Defendant's infringement of exclusive rights under Serendip's copyrights, Serendip is entitled to the maximum statutory damages for each copyright pursuant to 17 U.S.C. § 504.

21. Defendant's conduct is causing and, unless enjoined by this Court,

will continue to cause Serendip great and irreparable injury that cannot fully be measured or compensated in money. Serendip is without an adequate remedy at law. Pursuant to 17 U.S.C. § 502, Serendip is entitled to a permanent injunction prohibiting the Defendant from taking any action which infringes any of the exclusive rights under Serendip's copyrights in the respective music and sound recording works, including, without limitation, uploading a video containing any such work to YouTube.com or any other website.

WHEREFORE, Serendip prays for relief against Defendant, as follows:

(a) for a declaration that Defendant has willfully infringed Serendip's copyrights, including without limitation, the music copyrights for "Title Music From A Clockwork Orange", "March From A Clockwork Orange", and "William Tell Overture", and the sound recording copyrights for the same works; and that, pursuant to 17 U.S.C. § 504, Serendip be awarded statutory damages;

(b) that, pursuant to 17 U.S.C. § 502, Defendant be permanently enjoined from infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of Serendip's copyrights in the respective music and sound recording works in any manner, including, without limitation, uploading the works to YouTube.com or other site;

(c) that, pursuant to 17 U.S.C. § 505, Serendip be awarded its costs and attorneys' fees; and

(d) such other and further relief to Serendip as this Court may deem to be just and proper.

Date: :   New York, New York
          March  7, 2016

By: _____s/_____
**Annemarie Franklin** (AF-3933)
*Attorney for Plaintiff*